FILED

JUL 01 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville



# United States District Court

for the
Eastern District of Tennessee

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (423) 732-4674 ) ) ) )

Mag. No.: 2:26-MJ-132

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Brian Vicchio, Task Force Officer of the U.S. Department of Justice, Drug Enforcement Administration, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location):*
**See Attachment A**
located in the Eastern District of Tennessee, there is now to concealed *(identify the person or describe the property to be seized):* **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☒ evidence of a crime
- ☒ contraband, fruits of a crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of 21 U.S.C. §§ 846 and 841(a)(1), and the application is based on these facts: **See Attached Affidavit.**

- ☐ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 _____________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
SA Brian Vicchio, DEA
*Applicant's signature*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone (specify reliable electronic means).

Date: 7-1-26

[signature]
*Judge's signature*

City and State: Greeneville, Tennessee

CYNTHIA RICHARDSON WYRICK, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

FILED

JUL 01 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(423) 732-4674**

Case No. 26-MJ-132

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Brian Vicchio, Task Force Officer, United States Department of Justice, Drug Enforcement Administration, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(423) 732-4674** (hereinafter referred to as "**Target Cellular Telephone**"), whose service provider is T-Mobile USA, a wireless telephone service provider headquartered at 4 Sylvan Way Parsippany, New Jersey. According to T-Mobile USA, the **Target Cellular Telephone** is subscribed to Toni Aloisio. Through this investigation, it has been discovered that the **Target Cellular Telephone** is being used by Jonathan ALOISIO. The **Target Cellular Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information

collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am currently appointed as a Criminal Investigator at the Washington County Sheriff's Office and assigned as a Task Force Officer with the Drug Enforcement Administration. Prior to working at the WCSO, I was assigned to the 1st Judicial Drug Task Force within the Eastern District of Tennessee. Prior to the DTF, I was assigned to the Knoxville, Tennessee, office of the DEA at the Johnson City Post of Duty. I was a Task Force Agent with DEA for five and a half years. Prior to becoming a Task Force Agent with DEA, I worked as a police officer (K-9 Officer) for Johnson City Police Department in Johnson City, Tennessee, for approximately ten years. Prior to working as a Police Officer in Johnson City, Tennessee, I worked as a Police Officer for the City of Bluefield, West Virginia, for six years. I have had experience and training in conducting investigations of criminal activity, including debriefing of confidential sources about criminal activity, conducting surveillance of persons involved in criminal activity, and conducting searches for evidence of criminal activity. Such criminal activity includes trafficking in controlled substances. I have experience in investigations utilizing Court ordered wiretaps. I am familiar with the methods of operation and terminology used by persons involved in illegal drug distribution activities. In the performance of my duties as a Task Force Agent, I have conducted many investigations involving narcotics, drug trafficking, and other general criminal investigations through the past twenty years involving violations of state and federal laws. I have been involved in the detection and

investigation of federal narcotic violations, including the sale, distribution, importation, possession, and conspiracy to possess or sell and distribute various narcotic and controlled substances, and the use of communication facilities, such as telephones, digital telephone pagers, and other like facilities that are commonly used to facilitate narcotic violations. I have received training in narcotic enforcement efforts, case development, procedures, investigative techniques, asset forfeiture investigation, and other standardized methods of investigation involving narcotic offenses from the DEA. I have investigated many violations of the state and federal narcotic statutes during the past fifteen years in the Eastern District of Tennessee, and, as a result, have been successful in arrests and convictions of numerous individuals associated with narcotic distribution. As a result of these investigations and prosecutions, I have become aware of various methods and techniques utilized by individuals within the Eastern District of Tennessee and elsewhere in order to sell and distribute various controlled substances. I have become familiar with various codes, slang terms, and other terminology utilized by individuals within the Eastern District of Tennessee to refer to controlled substances, such as cocaine and cocaine base. I am aware that drug traffickers often "front" drugs or distribute them without receiving immediate payment. I have consistently kept myself abreast of various narcotic violators and have received intelligence regarding narcotics violations from agents of the Tennessee Bureau of Investigation ("TBI") and local law enforcement authorities located in the Northeastern portion of the Eastern District of Tennessee and surrounding states. I have a total of approximately 30 years of law enforcement experience on the state and federal level.

4. Through the training and experience identified above, I have learned that trafficking in illegal drugs is an activity dependent upon communications. Drug traffickers need to stay in regular contact with sources of supply and customers, and as a result often make use of the latest in communications technology, such as cellular telephones. I have also learned that drug traffickers maintain records of sales, so that they can keep track of money that they owe to sources, and money that is owed to them by customers. These records can be maintained on mobile devices such as cell phones. Finally, I am aware that drug traffickers may utilize information technology to conduct transactions that evidence drug trafficking, either by communicating through a cell phone, or using the cell phone to make travel arrangements, payment arrangements, or purchase assets with the proceeds of drug transactions.

5. I have conducted numerous drug investigations utilizing various investigative techniques. Through these investigations, and my training, and experience, I have become familiar with the methods used by narcotics traffickers to smuggle and safeguard narcotics, distribute narcotics, and collect and launder related proceeds. I am aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their organizations. I have authored numerous search warrants which have resulted in the seizure of controlled substances, items classified as unlawful drug paraphernalia, firearms and ammunition associated with illegal drugs, and other common evidence associated with illegal drugs. I have also assisted in the prosecution of known drug offenders, as a result of the aforementioned experience, training, and investigative techniques.

6. The facts in this affidavit come from your Affiant's personal observations, training and experience, and information obtained from other agents and witnesses. This affidavit

is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Your affiant makes this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises owned, maintained, controlled or operated by T-Mobile USA, a wireless provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that Jonathan ALOISIO has violated Title21 U.S.C. §§ 846 and 841(a), conspiracy to distribute controlled substances. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Jonathan ALOISIO, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

7. In May 2026 members of the DEA Johnson City POD and Washington County Sheriff's Office developed a confidential source (CS) who could purchase methamphetamine from Jonathan ALOISIO. The CS advised that ALOISIO had been supplying several people the CS knows with methamphetamine.

8. On May 6, 2026, investigators utilized "CashApp" to conduct a search for the **Target Cellular Telephone**. The search showed that the **Target Cellular Telephone** is registered to a "CashApp" account with the name "Jonathan ALOISIO" and "$JustRightCons." A photograph of the "CashApp" account information is depicted below.


12:25
5G
100
4237324674
People
J
Jonathan Aloisio
$JustRightCons
English (US)
!#1

9. On May 7, 2026, members of the JCPOD and WCSO arranged for the purchase of 2 ounces of methamphetamine from Jonathan ALOISIO with the use of a WCSO CS. The purchase was facilitated through Joseph FLETCHER. ALOISIO changed the meeting location several times and after waiting for several hours, the operation was terminated by TFO Vicchio. The CS took a screen shot of the messages between FLETCHER and ALOISIO on the **Target Cellular Telephone** which read as follows:


8:14
Johnathon T...
Yesterday • 8:42 PM
We're look here
Are you out now
Yeah im out looking for 4 wholes depending on price
8:12 AM
Wanna see me today? I can prob help
I'd like to if possible
8:13 AM
RCS mess...

10. On June 10, 2026, members of the Drug Enforcement Administration Johnson City Post of Duty and the Washington County Sheriff's Office (WCSO) conducted a buy/walk, utilizing a WCSO Confidential Source, resulting in the purchase/seizure of approximately 99.6 gross grams of suspected Methamphetamine from Jonathan ALOISIO. The purchase took place at ALOISIO's residence located at 3661 Old State Route 34 Limestone, Tennessee.

11. On June 23, 2026, members of the Drug Enforcement Administration Johnson City Post of Duty and the Washington County Sheriff's Office (WCSO) conducted a buy/walk, utilizing a WCSO Confidential Source, resulting in the purchase/seizure of approximately 173.2 gross grams of suspected Methamphetamine (Exhibit 39) from Jonathan ALOISIO. The purchase took place at ALOISIO's residence located at 3661 Old State Route 34 Limestone, Tennessee. The CS took screen shots of the text messages between the CS and ALOISIO on the **Target Cellular Telephone** which read as follows:


9:04
J
Yesterday • 7:07 PM
Sending with 2 Verizon
I need to come by tomorrow if that works for you.
Yesterday • 8:30 PM
What you need
4
6:08 AM
Wanna do early
If you wanna send money with me I can do you a bit better. But I am leaving very shortly. I'll be back this morning still
6:13 AM
RCS message


11:08
J
10:41 AM
So I have a daughter with a birthday celebration today and I'll be leaving this afternoon but I'm on the way to my house to build a hog pen so that'd be the best place to catch me will you be coming out soon
Ok I'm getting my tire fixed now and should be able to head your way.
How much? I've gotta stop at the bank.
I have them at 5
We still haven't sat down and discussed anything. When you come we can chat a bit if you have time
Yes that works for me.
11:07 AM
RCS message

12. On June 25, 2026, ALOISIO sent a text message from the **Target Cellular Telephone** telling the CS that he, ALOISIO, had a large amount of methamphetamine if the CS needed any. The messages read as follows:


2:14
J
Yesterday • 9:21 PM
I've got you covered if you need it
I appreciate that. Ive got some appointments and errands to run tomorrow so idk if I'll get free. I can let you know if I do. But I can get it Friday for sure. Definitely need.
Right on...
I need to change your contact... I have you in as Joseph's girl
Sorry
Lol no problem. Ain't no chance of being that again. Can't be with someone I can't trust.
Well said
9:42 PM
Yay!
Okay
What's up?
RCS message

13. Based on my training and experience, your Affiant has learned that T-Mobile USA is a company that provides cellular telephone access to the general public. Your Affiant also knows that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

14. Based on my training and experience, your Affiant knows that T-Mobile USA can collect E-911 Phase II data about the location of the **Target Cellular Telephone** by initiating a signal to determine the location of the **Target Cellular Telephone** on the T-Mobile network or with such other reference points as may be reasonably available.

15. Based on my training and experience, your Affiant knows that T-Mobile USA can collect cell-site data about the **Target Cellular Telephone**.

## AUTHORIZATION REQUEST

16. Based on the foregoing, your Affiant requests that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17. Your Affiant further requests, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cellular Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. Your Affiant further requests that the Court direct T-Mobile USA to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. Your Affiant also requests that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and

with a minimum of interference with T-Mobile services, including by initiating a signal to determine the location of the **Target Cellular Telephone** on the T-Mobile network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

19. Your Affiant further requests that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cellular Telephone** outside of daytime hours.

20. Your Affiant further requests that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Brian Vicchio, Task Force Officer
Drug Enforcement Administration

Sworn to before me and attested to as the signature of the affiant by telephone, the documents having been transmitted to me by reliable electronic means.

~~June~~ July 1, 2026

Cynthia Richardson Wyrick
United States Magistrate Judge

## ATTACHMENT A

**Property to be Searched**

1. The cellular telephone assigned call number **(423) 732-4674** (the "**Target Cellular Telephone**"), whose wireless service provider is T-Mobile USA, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Information about the location of the **Target Cellular Telephone** that is within the possession, custody, or control of T-Mobile USA.

## ATTACHMENT B

**I. Information to be Disclosed by the Provider**

All information about the location of the **Target Cellular Telephone** is described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cellular Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile USA, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile services, including by initiating a signal to determine the location of the **Target Cellular Telephone** on T-Mobile network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in the investigation of Jonathan ALOISIO, who violated Title21 U.S.C. §§ 846 and 841(a), conspiracy to distribute controlled substances. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Jonathan ALOISIO, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).